IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUCEBIA MEDINA<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>RICARDO CHUN<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>    Plaintiffs,<br><br>v.<br><br>CHINATOWN GARDEN, INC.<br>618 H Street NW<br>Washington, DC 20001<br><br>YENI WONG<br>801 Pennsylvania Avenue NW, Apt. 1024<br>Washington, DC 20004<br><br>    Defendants. | Civil Action No. _____ |

## COMPLAINT

1.  Defendants failed to pay Plaintiffs minimum and overtime wages while they worked for Defendants' Chinese restaurant.

2.  Plaintiffs bring this action against Chinatown Garden, Inc. and Yeni Wong ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## Parties

5. Plaintiff Eucebia Medina is an adult resident of Montgomery County, Maryland.

6. Plaintiff Ricardo Chun is an adult resident of Virginia.

7. Defendant Chinatown Garden, Inc. is a District of Columbia corporation. Its principal place of business is located at 618 H Street NW, Washington, DC 20001. Its registered agent for service of process is Yeni Wong, 801 Pennsylvania Avenue NW, Apt. 1024, Washington, DC 20004.

8. Defendant Yeni Wong is an adult resident of the District of Columbia. She resides at 801 Pennsylvania Avenue NW, Apt. 1024, Washington, DC 20004. She is an owner and officer of Defendant Chinatown Garden, Inc. She exercises exclusive control over the operations of Chinatown Garden, Inc. — including its pay practices.

## Factual Allegations Specific to Plaintiff Medina

9. Plaintiff Medina worked at Chinatown Garden from approximately August 20, 2022 through approximately February 18, 2025.

10. Plaintiff Medina worked at Chinatown Garden as a kitchen laborer.

11. Plaintiff Medina's job duties at Chinatown Garden primarily consisted of washing and organizing kitchenware and plateware, assisting with food preparation, and keeping her work area clean.

12. At all relevant times, Defendants paid Plaintiff Medina a daily salary.

13. From approximately August 20, 2022 through approximately January 30, 2023, Plaintiff Medina typically and customarily:

    a) Worked twenty-four hours per week;

    b) Worked three days per week, Friday through Sunday;

    c) Worked eight hours per day; and

    d) Was paid a daily salary of $80.00 (a subminimum hourly rate of $10.00).

14. From approximately February 1, 2023 through approximately February 18, 2025, Plaintiff Medina typically and customarily:

    a) Worked sixty hours per week;

    b) Worked six days per week: either Wednesday through Monday, or Thursday through Tuesday;

    c) Worked ten hours per day; and

    d) Was paid a daily salary of $100.00 (a subminimum hourly rate of $10.00).

15. At all relevant times, Defendants paid Plaintiff Medina partly in cash and partly by check on a monthly basis.

16. In addition to not paying Plaintiff Medina the D.C. minimum wage, Defendants did not pay her overtime wages.

17. From approximately February 1, 2023, through February 18, 2025, Plaintiff Medina worked more than forty hours per workweek for Defendants.

18. At all relevant times, Defendants paid Plaintiff Medina the same effective hourly rate across all hours worked.

19. At all relevant times, Defendants did not pay Plaintiff Medina overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

20. Defendants owe Plaintiff Medina approximately $66,266.20 in minimum and overtime wages (excluding liquidated damages).

**Factual Allegations Specific to Plaintiff Chun**

21. Plaintiff Chun worked at Chinatown Garden from approximately August 18, 2022 through approximately July 5, 2023.

22. Plaintiff Chun worked at Chinatown Garden as a kitchen laborer.

23. Plaintiff Chun's job duties at Chinatown Garden primarily consisted of washing and organizing kitchenware and plateware, assisting with food preparation, and keeping his work area clean.

24. At all relevant times, Plaintiff Chun typically and customarily worked six days per week, Wednesday through Monday.

25. At all relevant times, Plaintiff Chun typically and customarily worked sixty-three hours per week.

26. At all relevant times, Defendants paid Plaintiff Chun a daily salary of $100.00.

27. At all relevant times, Defendants paid Plaintiff Chun a subminimum hourly rate of $9.52 ($600.00 ÷ 63 hours).

28. At all relevant times, Defendants paid Plaintiff Chun partly in cash and partly by check on a semi-monthly basis.

29. In addition to not paying Plaintiff Chun the D.C. minimum wage, Defendants failed to pay him overtime wages.

30. At all relevant times, Plaintiff Chun worked more than forty hours per workweek for Defendants.

31. At all relevant times, Defendants paid Plaintiff Chun the same effective hourly rate across all hours worked.

32. At all relevant times, Defendants did not pay Plaintiff Chun overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

33. Defendants owe Plaintiff Chun approximately $25,419.95 in minimum and overtime wages (excluding liquidated damages).

## Factual Allegations Common to All Plaintiffs

34. Defendants own and operate the restaurant Chinatown Garden, located at 618 H Street NW, Washington, DC 20001.

35. Defendant Wong set Chinatown Garden's hours of operation.

36. Defendant Wong hired and fired employees on behalf of Chinatown Garden, Inc.

37. Defendant Wong set Plaintiffs' rate and manner of pay.

38. Defendant Wong calculated and tendered Plaintiffs' wages.

39. Defendant Wong signed Plaintiffs' paychecks.

40. Defendant Wong was personally aware Plaintiffs were not being paid minimum and overtime wages.

41. At all relevant times, each Defendant had the power to hire and fire Plaintiffs.

42. At all relevant times, each Defendant had the power to control Plaintiffs' work schedule.

43. At all relevant times, each Defendant had the power to supervise and control Plaintiffs' work.

44. At all relevant times, each Defendant had the power to set Plaintiffs' rate and manner of pay.

45. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiffs the D.C. minimum wage.

46. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiffs one and one-half times their regular hourly rate for all hours worked in excess of forty hours in any one workweek.

47. At all relevant times, each Defendant was aware that they were legally required to timely pay Plaintiffs all wages legally due to them.

48. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

49. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

50. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

51. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

52. Each Defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

53. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

54. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

55. Defendants' violations of the FLSA were willful.

56. For their violations of the FLSA, Defendants are liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

57. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

58. Each Defendant was an "employer" of Plaintiffs within the meaning of the DCMWA. D.C. Code § 32-1002(3).

59. The DCMWA required that employers pay non-exempt employees at least $16.10 per hour from July 1, 2022 through June 30, 2023; $17.00 per hour from July 1, 2023 through June 30, 2024; and $17.50 per hour from July 1, 2024 through the present. D.C. Code § 32-1003(a).

60. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

61. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to one or more Plaintiffs.

62. Defendants violated the DCMWA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

63. Defendants' violations of the DCMWA were willful.

64. For their violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

65. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

66. Each Defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

67. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

68. For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

69. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs all wages due, including minimum and overtime wages.

70. Defendants' violations of the DCWPCL were willful.

71. For their violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Sivaraman v. Guizzetti & Assocs.*, 228 A.3d 1066, 1072 (D.C. 2020) ("[T]reble damages are mandatory, not discretionary, if requested."); *Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$372,634.80** and grant the following relief:

   a. Award Plaintiffs $366,744.60, consisting of the following overlapping elements:

      i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii. unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

      iii. unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

   b. Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

   c. Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated

to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $5,485.20);

d. Award Plaintiffs court costs (currently, $405.00); and

e. Award any additional relief the Court deems just.

March 24, 2025                              Respectfully submitted,

**DCWageLaw**

By: /s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
JONATHAN P. TUCKER, #1026050
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com
jt@dcwagelaw.com

*Counsel for Plaintiffs*